UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT** | : | **DOCKET NO. 21-CV-03774** |
| **REG. # 57819-083** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **U.S. BUREAU OF PRISONS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is an original and two amended complaints [docs. 1, 6, 12] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by William R. Abbott, who is proceeding *pro se* in this matter. Abbott is an inmate in the custody of Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO).

### I.
#### BACKGROUND

Plaintiff filed the instant suit alleging that he has been repeatedly sexually harassed by an inmate and the named defendants have failed to protect him from same, in violation of the Prison Rape Elimination Act. Plaintiff names the United States Bureau of Prisons, Shelly Power, Loretta Otis-Sanders and Sheila Lyons as defendants. The named defendants are not proper defendants to a FTCA claim.

### II.
#### LAW & ANALYSIS

*A. FTCA*

As stated in the Court's prior order, the United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims <u>directly against the United States</u>, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit).

Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. See *Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit).  Here, Plaintiff names only the Bureau of Prisons and prison officials as defendants.  None of the named defendants are proper defendants to a FTCA claim. See *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *Carroll v. Ashcroft*, 2004 U.S. Dist. LEXIS 2817 (N.D. Tex. Feb. 24, 2004).   Plaintiff should amend to name the proper defendant.

## III.
### CONCLUSION

For the foregoing reasons, Abbott is given **30 days** to remedy his claims as described above. Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Abbott at his last address on file.

**IT IS ORDERED** that Abbott amend his complaint within **thirty (30) days** of the filing of this order to name the proper defendant. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Abbott is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE