RECEIVED

JAN 3 1 2022  SECP

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

United States District Court

Western District of Louisiana

William R. Abbott

    Plaintiff

          v.

United States of America; United States Bureau of Prisons; Shelley Power, Psychologist; Loretta Otis-Sanders, Unit Manager; Shelia Lyons, Case Manager; N. Patterson, Counselor

    Defendants

Jury Trial
Demanded

Civil Case No. 2:21-cv-03774

---

**First Amended Civil Tort Claim**

---

This is a Federal Rules of Civil Procedure Rule 18 Joinder of Claims civil suit for damages brought through:

(1) Federal Tort Claims Act - 28 Title U.S.C. § 2671 - naming as Defendant United States of America;

(2) Bivens Action - 28 Title U.S.C. § 1331 - naming as Defendants (1) United States Bureau of Prisons; (2) Shelley Power, Psychologist; (3) Loretta Otis-Sanders, Unit Manager; (4) Shelia Lyons, Case Manager; and (5) N. Patterson, Counselor.

(1)

## Nature of the Action

Plaintiff William R. Abbott is a ward of Defendant United States Bureau of Prisons held in the jurisdictional district of Federal Correctional Institution Oakdale 1, Louisiana under custodial supervision of Defendant Shelley Power, Defendant Loretta Otis-Sanders, Defendant Shelia Lyons, and Defendant N. Patterson. Federal Prison Oakdale serves as the cite where Inmate Elliot Duke commissioned sexual harassment against Plaintiff during the period of April 2020 through November 2020 with unimpeded awareness of Defendants.

## Parties Named

Plaintiff William R. Abbott (57819-083) with an address of: P.O. Box 5000; Oakdale, Louisiana 71463.

Defendant United States Bureau of Prisons with an address of: C/o General Counsel; 320 First Street, NW; Washington, D.C. 20534.

Defendant Shelley Power with an address of: C/o Federal Correctional Complex Coleman; 846 NE 54th Terrace; Sumterville, Florida 33521.

Defendant Loretta Otis-Sanders, Defendant Shelia Lyons, Defendant N. Patterson with an address of: C/o Federal Correctional Complex Oakdale; 1507 E. Whatley Road; Oakdale, Louisiana 71463.

(2)

## Jurisdiction - Venue

Section 1331, Title 28, United States Code facilitates jurisdiction to the United States District Court Western District of Louisiana where a civil suit has been brought under the Federal Tort Claims Act and a Bivens Action to a sexual harassment claim.

Section 1391, Title 28, United States Code facilitates venue to the United States District Court Western District of Louisiana where (1) Plaintiff is held in custody; (2) Defendants principly reside; and (3) the overt actions commissioned at Federal Prison Oakdale 1, Louisiana. The Federal Tort Claims Act executes a special venue provision holding a claim shall be brough where (1) the Plaintiff resides; or (2) where the act or omission commenced. 28 Title U.S.C. §1402(b).

## Regulations Implicated

34 Title U.S.C. §30302 - Prison Rape Elimination Act.

Bureau of Prisons Program Statement 5324.12 - Sexually Abusive Behavior Prevention and Intervention Program.

18 Title U.S.C. §4042 - Duties of Bureau of Prisons.

Bureau of Prisons Program Statement 3420.11 - Standards of Employee Conduct.

(3)

## Factual Background

(A) Federal Prison Oakdale 1, Louisiana Evangeline Housing Unit 2 is a dormatory style structure designed (1) with 82 cells; (2) each cell houses two (2) inmates; (3) each cell measures ± 7 foot x 12 foot; (4) each cell has a sink and toilet; and (5) each cell is secured with a solid security door whose lock is on the outer exterior of the door.

(B) Federal Prison Oakdale 1, Louisiana Evangeline Housing Unit 2 cells do not have an installed panic button for use in an emergency situation.

(C) Plaintiff held assignment to Evangeline Housing Unit 2 Cell 440 and was devoid of an assigned cell-mate preceding the global COVID-19 viral pandemic and the Bureau of Prisons execution of a modified operations system.

(D) On or about March 13, 2020 Federal Prison Oakdale 1, Louisiana facilitated modified operations bearing to the COVID-19 viral pandemic.

(E) On or about March 21, 2020 Federal Prison Oakdale 1, Louisiana facilitated full lock-down protocols bearing to the COVID-19 viral pandemic.

(F) On or about March 23, 2020 Federal Prison Oakdale 1, Louisiana Evangeline Housing Unit 1 has repurposed as a COVID-19 isolation and quarantine medical facility.

(4)

(G) On or about March 23, 2020 Federal Prison Oakdale 1, Louisiana Evangeline Housing Unit Manager Loretta Otis-Sanders and Evangeline Housing Unit 2 Case Manager Shelia Lyons facilitated assignment of Inmate Elliot Duke (#17107-035) to Evangeline Housing Unit 2 Cell 440 from Evangeline Housing Unit 1.

(H) Federal Prison Oakdale 1, Louisiana Evangeline Housing Unit Manager Loretta Otis-Sanders and Evangeline Housing Unit 2 Case Manager Shelia Lyons bore awareness Inmate Elliot Duke is a transgender person.

(I) Federal Prison Oakdale 1, Louisiana Evangeline Housing Unit Manager Loretta Otis-Sanders and Evangeline Housing Unit 2 Case Manager Shelia Lyons bore awareness Inmate Elliot Duke had been sanctioned by Federal Prison Oakdale 1, Louisiana preceding the COVID-19 viral pandemic for illicit sexual behavior.

(J) Federal Prison Oakdale 1, Louisiana Evangeline Housing Unit Manager Loretta Otis-Sanders, Evangeline Housing Unit 2 Case Manager Shelia Lyons, and Evangeline Housing Unit 2 Counselor N. Patterson bore awareness Plaintiff did not have a level of comfort in having Inmate Elliot Duke as a transgender person with a history of illicit sexual behavior being assigned to Evangeline Housing Unit 2 Cell 440.

(5)

(K) Inmate Elliot Duke habitually, while Evangeline Housing Unit 2 Cell 440 has secured, during the period of April 2020 through November 2020, knowingly and with overt design, commissioned actions to sexually arouse and entice Plaintiff through (1) stripping to bra and underwear to lounge without bed-covering in assigned bunk; (2) strip to underwear exclusively to lounge without bed-covering in assigned bunk; (3) strip shirt and bra to walk around Cell 440 for extended period of time; (4) strip shirt and bra to examine chest for extended period of time; (5) strip shirt and bra to shave hair remnants from chest and under-arms; (6) without forewarning, pull down pants and underwear to sit on toilet before using.

(L) Inmate Elliot Duke would direct statements of "My ass is tight" at Plaintiff during the period of April 2020 through November 2020.

(M) Inmate Elliot Duke would knowing approach Plaintiff and place exposed chest immediately in the face of Plaintiff during the period of April 2020 through November 2020.

(N) Counselor N. Patterson, during the period of April 2020 and November 2020, received verbal requests to re-assign Inmate Elliot Duke to a cell which had been vacated where Evangeline Housing Unit 2 assigned inmates had tested positive for the COVID-19 virus and required removal to Evangeline Housing Unit 1 or external medical facilities.

(6)

(O) Evangeline Housing Unit Manager Loretta Otis-Sanders, during the period of April 2020 through November 2020, received verbal awareness to the request of re-assigning Inmate Elliot Duke to a cell which had been vacated where Evangeline Housing Unit 2 assigned inmates had tested positive for the COVID-19 virus and required removal to Evangeline Housing Unit 1 or external medical facilities.

(P) Evangeline Housing Unit 2 Case Manager Shelia Lyons, during the period of April 2020 through November 2020, received verbal awareness to the request of re-assigning Inmate Elliot Duke to a cell which had been vacated where Evangeline Housing Unit 2 assigned inmates had tested positive for the COVID-19 virus and required removal to Evangeline Housing Unit 1 or external medical facilities.

(Q) Counselor N. Patterson, during the period of April 2020 through November 2020, remarked "Only Sanders or Lyons could authorize a cell re-assignment and neither would give authorization."

(R) Evangeline Housing Unit Manager Loretta Otis-Sanders, during the period of April 2020 through November 2020, remarked "You just going to have to learn to live with who you with."

(S) Evangeline Housing Unit 2 Case Manager Shelia Lyons, during the period

(7)

of April 2020 through November 2020, vocalized no definitive comment to the conditions Plaintiff has under and the re-assignment of Inmate Elliot Duke.

(T) Counselor N. Patterson, during the period of April 2020 through November 2020, is not known to have reported for investigation a suspected violation to the Prison Rape Elimination Act.

(U) Evangeline Housing Unit Manager Loretta Otis-Sanders, during the period of April 2020 through November 2020, is not known to have reported for investigation a suspected violation to the Prison Rape Elimination Act.

(V) Evangeline Housing Unit 2 Case Manager Shelia Lyons, during the period of April 2020 through November 2020, is not known to have reported for investigation a suspected violation to the Prison Rape Elimination Act.

(W) Federal Prison Oakdale 1, Louisiana Psychologist Shelley Power received written notice through the Federal Prison Oakdale 1 electronic "Inmate Request To Staff" messaging system on (1) September 4, 2020; (2) October 4, 2020; and (3) October 22, 2020 to the sexual exploits of Inmate Elliot Duke while assigned to Evangeline Housing Unit 2 Cell 440.

(X) Federal Prison Oakdale 1, Louisiana Psychologist Shelley Power, during the

(8)

period of September 2020 through November 2020, is not known to have reported for investigation a suspected violation to the Prison Rape Elimination Act.

(Y) Inmate Elliot Duke was re-assigned to Federal Prison Oakdale 1, Louisiana Allen Housing Unit 1 on or about November 3, 2020 after having been hired at Federal Prison Oakdale 1 UNICOR.

(Z) Standard Form 95 advanced to the Bureau of Prisons South Central Regional Office in December 2020 in notice to the administration at Federal Prison Oakdale 1, Louisiana having permitted a violation of the Prison Rape Elimination Act - The Bureau of Prisons South Central Regional Office assigned Tort Claim No. TRT-SCR-2021-02057.

(aa) Informal administrative grievance (BP-8) to staff misconduct returned stating "Informed Inmate that these decisions are not made at the Unit Team's level."

(bb) Request for administrative remedy (BP-9) to staff misconduct returned stating "Your request is untimely."

(cc) Regional administrative remedy appeal (BP-10) to staff misconduct returned in concurrence that grievance was untimely.

(9)

(dd) Central office administrative Remedy appeal (BP-11) to staff misconduct returned in concurrance that grievance was untimely.

## Claim

Knowing and deliberate violation of the zero-tolerance provision administered through the Prison Rape Elimination Act by Defendants subjected Plaintiff to Eighth Amendment cruel and unusual punishment in not intervening to a claim of sexual harassment.

(1) Section 30301, Title 34, United States Code gave statutory standing to the Prison Rape Elimination Act of 2003 (P.R.E.A.) where sexually abusive and/or sexually harassing behavior or pressure to engage in unwanted sexual behavior from another inmate or a staff member shall not be sanctioned within correctional facilities whether on a Federal, State, or local level.

(2) Bureau of Prisons Program Statement 5324.12 - Sexually Abusive Behavior Prevention and Intervention Program - models 34 Title U.S.C. $30301 and the Prison Rape Elimination Act.

(3) Purpose of Bureau of Prisons Program Statement 5324.12 is "To provide a written policy that implements zero tolerance towards all forms of

(10)

Sexual activity, including sexual abuse and sexual harassment."

(4) Noticed in Bureau of Prisons Program Statement is "In the Prison Rape Elimination Act (PREA) of 2003, Congress required the Attorney General to promulgate regulations concerning sexual abuse prevention. The statute further required that the regulations would be binding upon the Federal Bureau of Prisons. See 42 U.S.C. $15607."

(5) Guidelines were facilitated to Bureau of Prisons staff as:
(a) Help detect incidents, perpetrators, and inmate victims of sexually abusive behavior;
(b) Help prevent sexually abusive behavior;
(c) Educate staff to intervene properly and in a timely manner;
(d) Document, report, and investigate reported incidents; and
(e) Discipline and/or prosecute perpetrators.

(6) Program objective of Bureau of Prisons Program Statement 5324.12 includes
(a) Victims of sexually abusive behavior receive prompt and effective response to their physical, psychological, and security needs; and (b) Allegations of sexually abusive behavior receive prompt intervention upon report.

(7) Bureau of Prisons Program Statement 5324.12 defines sexual harassment as (a) Repeated and unwelcome sexual advances, requests for sexual favors, or

(11)

verbal comments, gestures, or actions of a derogatory or offensive sexual nature by one inmate, detainee, or resident directed towards another; and (b) Repeated verbal comments or gestures of a sexual nature to an inmate, detainee, or resident by a staff member, contractor, or volunteer.

(8) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.22 mandates the agency shall ensure that an administrative or criminal investigation is completed for all allegations of sexual abuse and sexual harassment.

(9) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.31 emphasizes the agency shall train all employees who may have contact with inmates on (a) Its zero-tolerance policy for sexual abuse and sexual harassment; (b) Inmates' right to be free from sexual abuse and sexual harassment; and (c) The dynamics of sexual abuse and sexual harassment in confinement.

(10) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.51 promotes staff shall accept reports made verbally, in writing, anonymously, and from third parties and shall promptly document any verbal reports.

(11) Bureau of Prisons Program Statement 3420.11 - Standards of Employee Conduct - addresses staff reporting requirements with 3420.11(6) stating "Because failure to respond to an emergency may jeopardize the...lives of... inmates, it is mandatory that employees respond immediately, effectively,    (12)

and appropriately during all emergency situations."

(12) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.61 holds the agency shall require all staff to report immediately and according to agency policy and knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment that occurred in a facility.

(13) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.61 holds the facility shall report all allegations of sexual abuse and sexual harassment to the facility's designated investigators.

(14) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.62 holds in cases where the alleged perpetrator is another inmate, the Operations Lieutenant is notified immediately.

(15) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.71 holds in the event that an inmate is alleged to have perpetrated sexually abusive behavior against another inmate, the Special Investigative Agent (or SIS) is notified immediately.

(16) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.31 explains Bureau of Prisons staff are to communicate effectively and professionally with inmates who are bisexual-Plaintiff identifies as a bisexual person.

(13)

(17) Bureau of Prisons Program Statement 5324.12 and 28 CFR §115.53 holds the facility shall provide inmates with access to outside victim advocates for emotional support services related to sexual abuse by giving inmates mailing addresses and telephone numbers, including toll-free hotline numbers, of local, State, or national victim advocacy organizations.

(18) Section 30302, Title 34, United States Code enlists instruction to protect the Eighth Amendment rights of Federal, State, and local prisoners.

(19) Section 4042, Title 18, United States Code enlists instruction for the Bureau of Prisons to provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

(20) Bureau of Prisons Program Statement 1040.04- Nondiscrimination Towards Inmates- holds staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief. This includes the making of administrative decisions and providing access to programs.

(21) Section 2671, Title 28, United States Code defines an employee of the United States as officers or employees of any federal agency... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

(14)

(22) Section 2671, Title 28, United States Code defines the term federal agency to include the executive departments - the Department of Justice Bureau of Prisons is an executive department of the United States.

(23) Defendant Shelley Poher was in the employ of Defendant United States Bureau of Prisons during the incident period of April 2020 through November 2020.

(24) Defendant Loretta Otis-Sanders was in the employ of Defendant United States Bureau of Prisons during the incident period of April 2020 through November 2020.

(25) Defendant Shelia Lyons was in the employ of Defendant United States Bureau of Prisons during the incident period of April 2020 through November 2020.

(26) Defendant M. Patterson was in the employ of Defendant United States Bureau of Prisons during the incident period of April 2020 through November 2020.

(27) Defendant Shelley Poher did not have discretionary variance to enforce the zero-tolerance provision of the Prison Rape Elimination Act and serve notice of the sexual harassment commissioned by Inmate Elliot Duke for investigation.

(15)

(28) Defendant Loretta Otis-Sanders did not have discretionary variance to enforce the zero-tolerance provision of the Prison Rape Elimination Act and serve notice of the sexual harassment commissioned by Inmate Elliot Duke for investigation.

(29) Defendant Shelia Lyons did not have discretionary variance to enforce the zero-tolerance provision of the Prison Rape Elimination Act and serve notice of the sexual harassment commissioned by Inmate Elliot Duke for investigation.

(30) Defendant N. Patterson did not have discretionary variance to enforce the zero-tolerance provision of the Prison Rape Elimination Act and serve notice of the sexual harassment commissioned by Inmate Elliot Duke for investigation.

(31) Defendant Shelley Power received from Plaintiff written notice of sexual harassment commissioned by Inmate Elliot Duke on (1) September 4, 2020; (2) October 4, 2020; and (3) October 22, 2020.

(32) Defendant Loretta Otis-Sanders had verbal awareness of the sexual harassment commissioned by Inmate Elliot Duke during the period of April 2020 through November 2020.

(16)

(33) Defendant Shelia Lyons had verbal awareness of the sexual harassment commissioned by Inmate Elliot Duke during the period of April 2020 through November 2020.

(34) Defendant N. Patterson had verbal awareness of the sexual harassment commissioned by Inmate Elliot Duke during the period of April 2020 through November 2020.

(35) Plaintiff, through directing awareness to Inmate Elliot Duke's sexual harassment in written and verbal form, was not interviewed by a Prison Rape Elimination Act investigator during the period of April 2020 through November 2020.

(36) Plaintiff, during the period of April 2020 through November 2020, sought re-assignment of Inmate Elliot Duke where the sexual harassment would cease.

(37) Plaintiff, during the period of April 2020 through November 2020, was subjected to continuous harassment from inmates and staff who were assigned to Federal Prison Oakdale1, Louisiana Evangeline Housing Unit 2 for having Inmate Elliot Duke, a transgender person, as a cell-mate in Cell 440.

(38) Plaintiff, during the period of April 2020 through November 2020,

(17)

was subjected to comments of (1) "Bet you and Duke are fucking each other; (2) "Why's Duke walking so funny, you fuck him real good last night; (3) "Is Duke now your bitch".

(39) Plaintiff, during the period of April 2020 through November 2020, had a physical altercation with another inmate who had been harassing Plaintiff suggesting Plaintiff and Inmate Elliot Duke were having sexual intercourse.

(40) Plaintiff, during the period of April 2020 through November 2020, encounted Inmate Eugene Chung (#65208-019), who gave impression to being Inmate Elliot Duke's handler/pimp, and routinely propositioned that Plaintiff and Inmate Elliot Duke "hook-up" and have sexual intercourse.

(41) Inmate Eugene Chung gave consultation to Inmate Elliot Duke in make-up application and feminine attributes which would attract male suitors in Evangeline Housing Unit 2.

(42) Plaintiff was approached by Inmate Eugene Chung routinely for the purpose of suggesting having sexual intercourse with specific inmates within Evangeline Housing Unit 2 giving impression Inmate Eugene Chung was operating a prostitute service within Evangeline Housing Unit 2.

(18)

(43) Plaintiff endured sexual assaults from Inmate Eugene Chung through routine grabbing of Plaintiff's butt by Inmate Eugene Chung and Inmate Eugene Chung gesturing at grabbing Plaintiff's penis.

(44) Plaintiff was warned by Inmate Richard Anthony (#44849-074) and Inmate William Morrison not to incorporate the mentioning of Inmate Eugene Chung under threat where unknown persons could retaliate on behalf of Inmate Eugene Chung.

(45) Plaintiff, after not being given protection from the sexual harassment commissioned by Inmate Elliot Duke after awareness was known by Defendant Shelley Power, Defendant Loretta Otis-Sanders, Defendant Shelia Lyons, and Defendant N. Patterson, had no outlet to report the sexual assaults committed by Inmate Eugene Chung to staff assigned to Evangeline Housing Unit 2.

(46) Plaintiff has not received benefit to receiving psychological counseling for the tramatic experience of being sexually harassed by Inmate Elliot Duke.

(47) Plaintiff has not received benefit to receiving psychological counseling for the Tramatic experience of being sexually assaulted by Inmate Eugene Chung.

(48) Plaintiff has witnessed Inmate Eugene Chung sexually assault other inmates

(19)

where Inmate Eugene Chung has grabbed other inmates butts and penises without their consent.

(49) Defendant Loretta Otis-Sanders, as a black female, has direct awareness Plaintiff is a White male serving a term of imprisonment in violation of the sex offense statutes and identifies as a bisexual person.

(50) Defendant Shelia Lyons, as a black female, has direct awareness Plaintiff is a White male serving a term of imprisonment in violation of the sex offense statutes and identifies as a bisexual person.

(51) Defendant N. Patterson, as a black male, has direct awareness Plaintiff is a White male serving a term of imprisonment in violation of the sex offense statutes and identifies as a bisexual person.

(52) Plaintiff has awareness Defendant Loretta Otis-Sanders routinely orates racial statements of "All white people look alike."

(53) Plaintiff has awareness Defendant Shelia Lyons has stated of Plaintiff "In the old days I would pay people to take care of people like him."

(54) Plaintiff has awareness Defendant Shelley Power was counseling Inmate Elliot Duke through the bodily transition causing a conflict of interest in reporting a

(20)

Prison Rape Elimination Act violation.

(55) Defendant Shelley Power, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for Plaintiff filing a staff misconduct complaint (January 2020) where a black male correctional officer was apprehended in Evangeline Housing Unit 2 Cell 440 with his penis exposed.

(56) Defendant Loretta Otis-Sanders, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for Plaintiff filing a staff misconduct complaint (January 2020) where a black male correctional officer was apprehended in Evangeline Housing Unit 2 Cell 440 with his penis exposed.

(57) Defendant Loretta Otis-Sanders, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for Plaintiff filing a staff misconduct complaint (August 2020) where Defendant Shelia Lyons was neglegent in forwarding a compassionate release application to the Federal Prison Oakdale, Louisiana Warden.

(58) Defendant Shelia Lyons, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for Plaintiff filing a staff misconduct complaint (January 2020) where a black

(21)

male Correctional officer was apprehended in Evangeline Housing Unit 2 Cell 440 with his penis exposed.

(59) Defendant Shelia Lyons, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for Plaintiff filing a staff misconduct complaint(August 2020) against Defendant Shelia Lyons where Defendant Shelia Lyons was neglegent in forwarding a compassionate release application to the Federal Prison Oakdale, Louisiana Warden.

(60) Defendant Shelley Power, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for Plaintiff filing a staff misconduct complaint(August 2020) where Defendant Shelia Lyons has neglesent in forwarding a compassionate release application to the Federal Prison Oakdale, Louisiana Warden.

(61) Defendant N. Patterson, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for Plaintiff filing a staff misconduct complaint (January 2020) where a black male correctional officer was apprehended in Evangeline Housing Unit 2 Cell 440 with his penis exposed.

(62) Defendant N. Patterson, in not reporting the sexual harassment commissioned by Inmate Elliot Duke towards Plaintiff, is construed as retaliating for

(22)

Plaintiff filing a staff misconduct complaint (August 2020) where Defendant Shelia Lyons was neglegent in forwarding a compassionate release application to the Federal Prison Oakdale, Louisiana Warden.

(63) Defendant Loretta Otis-Sanders, during the period of April 2020 through November 2020, bore awareness Evangeline Housing Unit 2 stood with empty bunks and cells where Evangeline Housing Unit 2 inmates had been removed who tested positive for COVID-19 allowing for re-assignment of Inmate Elliot Duke.

(64) Defendant Shelia Lyons, during the period of April 2020 through November 2020, bore awareness Evangeline Housing Unit 2 stood with empty bunks and cells where Evangeline Housing Unit 2 inmates had been removed who tested positive for COVID-19 allowing for re-assignment of Inmate Elliot Duke.

(65) Defendant M. Patterson, during the period of April 2020 through November 2020, bore awareness Evangeline Housing Unit 2 stood with empty bunks and cells where Evangeline Housing Unit 2 inmates had been removed who tested positive for COVID-19 allowing for re-assignment of Inmate Elliot Duke.

(66) Defendant Loretta Otis-Sanders, as a black female during the period of April 2020 through November 2020, gave priority authorization for bunk

(23)

or cell re-assignment within Evangeline Housing Unit 2 to black and Hispanic inmates overtly demonstrating racial bias towards Plaintiff as a White male who identifies as bisexual.

(67) Defendant Shelia Lyons, as a black female during the period of April 2020 through November 2020, gave priority authorization for bunk or cell re-assignments within Evangeline Housing Unit 2 to black and Hispanic inmates overtly demonstrating racial bias towards Plaintiff as a White male who identifies as bisexual.

(68) Defendant N. Patterson, as a black male during the period of April 2020 through November 2020, gave priority authorization for bunk or cell re-assignment within Evangeline Housing Unit 2 to black and Hispanic inmates overtly demonstrating racial bias towards Plaintiff as a White male who identifies as bisexual.

(69) Common during the period of April 2020 through November 2020 within Evangeline Housing Unit 2 was to have ±25 empty bunks where inmates had been removed for testing positive for COVID-19.

(70) Defendant Loretta Otis-Sanders is understood to have an objection towards persons who are affiliated with the LGBTQ community.

(24)

(71) Defendant Loretta Otis-Sanders is understood to have an objection towards persons who are members of the White race.

(72) Defendant Shelia Lyons is understood to have an objection towards persons who are affiliated with the LGBTQ community.

(73) Defendant Shelia Lyons is understood to have an objection towards persons who are members of the White race.

(74) Defendant N. Patterson is undetermined to Plaintiff as to whether an objection arises towards persons who are affiliated with the LGBTQ community.

(75) Defendant N. Patterson is undetermined to Plaintiff as to whether an objection arises towards persons who are members of the White race.

(76) Defendant Loretta Otis-Sanders is construed to have received retaliation assistance from Evangeline Housing Unit 1 Case Manager Taylor Droddy where Case Manager Taylor Droddy authorized the assignment of Inmate Ricky Johnson (#16659-035) to Evangeline Housing Unit 2 Cell 440 with awareness Inmate Ricky Johnson is an active consumer of the illegal controlled substance K2. (See statement to the court dated December 29, 2021).

(25)

(77) Defendant Shelia Lyons is construed to have received retaliation assistance from Evangeline Housing Unit 1 Case Manager Taylor Droddy where Case Manager Taylor Droddy authorized the assignment of Inmate Ricky Johnson (#16659-035) to Evangeline Housing Unit 2 Cell 440 with awareness Inmate Ricky Johnson is an active consumer of the illegal controlled substance K2. (See statement to the court dated December 29, 2021).

(78) Defendant N. Patterson is construed to have received retaliation assistance from Evangeline Housing Unit 1 Case Manager Taylor Droddy where Case Manager Taylor Droddy authorized the assignment of Inmate Ricky Johnson (#16659-035) to Evangeline Housing Unit 2 Cell 440 with awareness Inmate Ricky Johnson is an active consumer of the illegal controlled substance K2. (See statement to the court dated December 29, 2021).

(79) Defendant Loretta Otis-Sanders is construed to have retaliated towards Plaintiff in not processing an administrative grievance dated July 28, 2021 in claim Defendant Loretta Otis-Sanders mismanaged delivery of an internal Bureau of Prisons communication to Plaintiff - Defendant Loretta Otis-Sanders violated Bureau of Prisons Program Statement 1040.04 Nondiscrimination Towards Inmate and Bureau of Prisons Program Statement 3420.11 Standards of Employee Conduct.

(26)

(80) Defendant Shelia Lyons is construed to have retaliated towards Plaintiff in not processing an administrative grievance dated July 26, 2021 in claim Defendant Loretta Otis-Sanders and Defendant Shelia Lyons withheld access to legal resources - Defendant Shelia Lyons violated Bureau of Prisons Program Statement 1040.04 Nondiscrimination Towards Inmates and Bureau of Prisons Program Statement 3420.11 Standards of Employee Conduct.

(81) Defendant N. Patterson is construed to have retaliated towards Plaintiff in not processing an administrative grievance dated July 26, 2021 in claim Defendant Loretta Otis-Sanders and Defendant Shelia Lyons withheld access to legal resources - Defendant N. Patterson violated Bureau of Prisons Program Statement 1040.04 Nondiscrimination Towards Inmates and Bureau of Prisons Program Statement 3420.11 Standards of Employee Conduct.

(82) Defendant N. Patterson is construed to have retaliated towards Plaintiff in not arranging a legal call to the United States District Court Western District of Louisiana on September 29, 2021 - Defendant N. Patterson violated Bureau of Prisons Program Statement 1040.04 Nondiscrimination Towards Inmates and Bureau of Prisons Program Statement 3420.11 Standards of Employee Conduct.

(27)

(83) Federal Prison Oakdale, Louisiana Warden Sekou Ma'at, a black male, is stated to have retaliated on behalf of Defendant Loretta Otis-Sanders, Defendant Shelia Lyons, and Defendant N. Patterson towards Plaintiff where application for compassionate release with Remedy ID 1070690-A2 and return date of October 3, 2021 was in absense to receiving a conclusion response by Plaintiff.

(84) Plaintiff has been the victim of Inmate Elliot Duke's sexual harassment during the period of April 2020 through November 2020 - An excess of 7 months.

(85) Plaintiff has been the victim of Defendant Shelley Power's avoidance to adhere to the zero tolerance provision of the Prison Rape Elimination Act.

(86) Plaintiff has been the victim of Defendant Loretta Otis-Sanders' avoidance to adhere to the zero tolerance provision of the Prison Rape Elimination Act.

(87) Plaintiff has been the victim of Defendant Shelia Lyons' avoidance to adhere to the zero tolerance provision of the Prison Rape Elimination Act.

(88) Plaintiff has been the victim of Defendant N. Patterson's avoidance to adhere to the zero tolerance provision of the Prison Rape Elimination Act.

(28)

## Jury Demand

Plaintiff William R. Abbott invokes privilege and demands a jury trial.

## Relief Sought

Plaintiff William R. Abbott solicits a civil judgment levied against Defendant United States Bureau of Prisons; Defendant Shelley Power; Defendant Loretta Otis-Sanders; Defendant Shelia Lyons; Defendant N. Patterson in the form of:

(1) Defendant United States Bureau of Prisons held in liability for compensatory damages in the amount of $5,000,000.00 ($5 Million) and post judgment interest where Plaintiff was subjected to sexual harassment which infringed on Eighth Amendment rights.

(2) Defendant Shelley Power held in personal liability for compensatory damages in the amount of $5,000,000.00 ($5 Million); Punitive damage in an amount sufficient to punish Defendant Shelley Power and deter others from like conduct; Pre-judgment and Post-judgment interest.

(3) Defendant Loretta Otis-Sanders held in personal liability for compensatory damages in the amount of $5,000,000.00 ($5 Million); Punitive damages in an amount sufficient to punish Defendant Loretta Otis-Sanders and deter others from like

(29)

conduct; Pre-judgement and Post-judgment interest.

(4) Defendant Shelia Lyons held in personal liability for compensatory damages in the amount of $5,000,000.00 ($5 Million); Punitive damages in an amount sufficient to punish Defendant Shelia Lyons and deter others from like conduct; Pre-judsment and Post-judgment interest.

(5) Defendant N. Patterson held in personal liability for compensatory damages in the amount of $5,000,000.00 ($5 Million); Punitive damages in an amount sufficient to punish Defendant N. Patterson and deter others from like conduct; Pre-judgment and Post-judgment interest.

(6) Costs of the civil action.

(7) Reasonable Attorney fees.

(8) Reasonable Expert Witness fees.

(9) Facilitated relief within the jurisdiction of the United States District Court Western District of Louisiana appropriate to the proof whether or not demanded.

(10) Facilitated relief the United States District Court Western District of

(30)

Louisiana deems just and equitable.

(11) Defendant United States of America held in liability for compensatory damages in the amount of $5,000,000.00 ($5 Million) and post judgment interest where Plaintiff was subjected to sexual harassment which infringed on Eighth Amendment rights.

(12) Long-term cost of psychological counseling.

(13) Long-term cost of prescription medications.

(14) Long-term cost of medical transportation.

(15) Long-term cost of incidental psychological treatment.

Subscribed on this the 27th day of January, 2022.

William R. Abbott

Reg. No. 57819-083

FCI Oakdale I

P.O. Box 5000

Oakdale, Louisiana 71463

(31)

Certificate of Service

Herein the undersigned certifies under penalty of perjury that he mailed a true and correct copy of Plaintiff's First Amended Civil Tort Claim First Class Mail postage prepaid by placing the same in the United States Mail at Federal Correctional Institution Oakdale I, Louisiana addressed to the following party or parties. On this the 27th day of January, 2022. 28 Title U.S.C. §1746.

Clerk of the Court

United States District Court

Western District of Louisiana

300 Fannin Street

Suite 1167

Shreveport, Louisiana 71101

Subscribed on this the 27th day of January, 2022.

William R. Abbott

William R. Abbott

Res. No. 57819-083

FCI Oakdale I

P.O. Box 5000

Oakdale, Louisiana 71463

(32)