UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT**  **REG. # 57819-083** | **:** | **DOCKET NO. 21-CV-03774**  **SECTION P** |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| **U.S. BUREAU OF PRISONS, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are the original and amended complaints filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by William R. Abbott (docs. 1, 6, 17), who is proceeding *pro se* and *in forma pauperis* in this matter. Abbott is an inmate in the custody of Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO).

This complaint has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that all claims against the US Bureau of Prisons, Shelly Power, Loretta Otis-Sanders, Sheila Lyons, and N. Patterson, be **DISMSSED**.

**I.**
**BACKGROUND**

Plaintiff filed the instant suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. He named as defendants the US Bureau of Prisons, Shelly Power, Loretta Otis-Sanders, Sheila Lyons, and N. Patterson. Doc. 1. On January 19, 2022, the undersigned, notifying plaintiff that the United States of America is the only proper defendant in an FTCA claim, ordered

him to amend his complaint to name the proper defendant. Doc. 13. On January 31, 2022, plaintiff filed an amended complaint naming the United States of America is a defendant. Doc. 17.

## II.
## LAW & ANALYSIS

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims <u>directly against the United States</u>, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit).

Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. See *Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Here, in addition to naming the USA, plaintiff names the BOP and individual prison officials as defendants. These are not proper defendants to a FTCA claim. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Accordingly, all claims against defendants US Bureau of Prisons, Shelly Power, Loretta Otis-Sanders, Sheila Lyons, and N. Patterson should be dismissed.[1]

---

[1] Claims against the United States of American are addressed in a separate order.

### III.
#### CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that all claims against the US Bureau of Prisons, Shelly Power, Loretta Otis-Sanders, Sheila Lyons, and N. Patterson be **DISMSSED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE