UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT**<br>REG. # 57819-083 | : | **DOCKET NO. 21-cv-03774**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **U.S. BUREAU OF PRISONS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Injunctive Order to Restrict Custody Transfer filed by plaintiff William R. Abbott who is proceeding *pro se* and *in forma pauperis* in this matter. Doc. 26. Abbott is an inmate in the custody of Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO).

This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below,

**IT IS RECOMMENDED** that the requested injunctive relief be **DENIED.**

Plaintiff asks for relief under Federal Rules of Civil Procedure Rule 65 "to effect an injunctive order to restrict custody transfer from Federal Prison Oakdale, Louisiana . . . ."

A federal prisoner's right to prospective injunctive relief is governed by the provisions of 18 U.S.C. § 3626(a) which states that relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." To be eligible for injunctive relief the petitioner must first establish violation of a federal right.

"A person convicted of a crime against the United States and sentenced to confinement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General." *Moore v. U.S. Attorney General*, 473 F.2d 1375 (5th Cir. 1973) (per curiam). "Further, a prisoner has no liberty interest in being housed in any particular facility." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir.2000). Insofar as plaintiff has no federally protected right to be housed in any particular facility, then he is he would be unable to establish violation of any federal right if he were to be transferred and is, therefore, ineligible for injunctive relief.

Accordingly, we recommend that the motion be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE