UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT** | : | **DOCKET NO. 21-cv-03774** |
| **REG. # 57819-083** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **US BUREAU OF PRISONS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Preliminary Injunction and Temporary Restraining Order (doc. 41) filed by federal inmate William R. Abbott. Abbott has filed a civil suit pursuant the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. The defendant filed an opposition to the Motion (doc. 66), which is now ripe for review.

**I.**
**BACKGROUND**

Plaintiff's motion claims that Federal Bureau of Prisons (BOP) staff retaliated against him for making claims of Prison Rape Elimination Act (PREA) violations by the agency. Doc. 41. Specifically, he asserts BOP staff altered his custody classification, thereby causing his release date and home confinement eligibility to be negatively affected. *Id*. Although plaintiff's motion contains a section titled "Relief Sought," the motion does not specifically state what he wants to stop or what action he wants to occur. *Id*. at p. 5. The Court interprets the plaintiff's request as one to direct the defendant to remove points of violence scored in his custody classification.

Plaintiff claims the scoring is erroneous and was applied against him for filing a lawsuit regarding staff conduct. Id. at 3-5. He further claims that, as a result of this scoring, he is incorrectly classified as a Low Security inmate, and he is denied eligibility for home confinement and/or affecting "rating to premature release from the custody of the Bureau of Prisons…." *Id*. at 1- 5.

Ms. Oatis-Sanders, Unit Manager at the Federal Correctional Complex in Oakdale, Louisiana (FCIO) states that she is, and was, plaintiff's Unit Manager at the time of the events giving rise to this case. *See* Declaration of Oatis-Sanders, doc. 66, att. 1, p. 2, ¶ 1. In her role as Unit Manager, she manages the staff overseeing each inmate's programming and sentence service. *Id*. at p. 3, ¶ 4. Ms. Oatis-Sanders states that as part of her management, she began auditing the caseload of a retired case manager under her supervision to prepare for the replacement staff member's arrival and assumption of the caseload. *Id*., ¶ 5. In doing so, she found that points for a disciplinary infraction sanctioned against plaintiff in 2016 by the Disciplinary Hearing Officer (DHO) had not been applied to the inmate's case scoring. *Id*. Therefore, in April 2022, she adjusted his scoring to reflect the 5 points applied for "violence," in accordance with BOP policy. *Id*. BOP policy states an inmate's Security Classification is initially set at designation, and plaintiff's classification, under the policy, was set at Low Security immediately upon his entry into the BOP to serve his federal sentence based upon his underlying criminal offense, which is Attempting to Entice Minors to Engage in Sexual Acts and Transporting Child Pornography in Interstate Commerce in violation of 18 U.S.C. §§ 2422, 2252, & 2256, for which he is serving a 264 month term of confinement. *Id*. at p. 6. BOP policy dictates that inmates with sexual offenses will not receive a security level below Low. *Id*. Further, inmates with current or prior sex offenses are not considered eligible for home confinement placement. *Id*.

## II.
### LAW & ANALYSIS

A litigant moving for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff is unlikely to succeed on the merits of his claims. First, plaintiff fails to invoke any jurisdictional basis for his claim for retaliation and injunctive relief. The waiver of sovereign immunity within the FTCA extends only to claims for money damages. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679. Further, claims sounding in either constitutional tort or intentional tort, like plaintiff's claim for retaliation may not be brought under the FTCA. *See FDIC v. Meyer*, 114 S.Ct., 996, 1001-1002 (1994); 28 U.S.C. § 2680(h); *see also, Moore-Bey v. Cartrette*, No. 15-CV-1199, 2015 WL 5608194, at *5–6 (W.D. La. July 16, 2015), report and recommendation adopted, No. 15-CV-1199, 2015 WL 5611141 (W.D. La. Sept. 23, 2015).

Even if the court were to find that jurisdiction exists to hear plaintiff's claim, decisions about placement are within the sole purview of the BOP. The Court is jurisdictionally barred from reviewing the BOP's discretionary classification and placement of plaintiff. 18 U.S.C. § 3621(b); *see also Livas v. Myers*, 455 F. Supp. 3d 272, 283 (W.D. La. 2020). Title 18 U.S.C. § 3621(b) explains that the Bureau has the authority to designate an inmate's place of confinement, and what the BOP should consider when making these decisions.

Finally, action taken to add points to plaintiff's custody score complies with policy obligations. A disciplinary charge was lodged against plaintiff in 2016, and the Discipline Hearing Officer ultimately sustained the charge against plaintiff after a hearing. BOP policy in Program Statement 5100.08, *Inmate Security Designation and Classification* requires regular review of an inmate's custody classification. That policy states an inmate's past disciplinary findings are also considered in determining an inmate's violence history, which is input as points on the classification score.[1] When the Unit Manager discovered missing information, specifically the 2016 disciplinary matter, that had not been factored into plaintiff's scoring, she applied the points as prescribed by BOP policy.

BOP staff are implementing the authority granted solely to the agency in determining appropriate placement of plaintiff. Home confinement is not a release from custody, as plaintiff characterizes it. Instead, it is a placement in a location for an inmate to serve his/her term of confinement. His underlying offense, and to a lesser degree, his disciplinary history, impact his security and custody classification, by making him ineligible for placement below a Low Security facility, particularly in home confinement placement.

Accordingly, plaintiff cannot prevail because, as shown above, he has failed to demonstrate a substantial likelihood of success on the merits.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Preliminary Injunction and Temporary Restraining Order (doc. 41) be **DENIED**, with prejudice.

---

[1] A copy of relevant portions of the Program Statement is included in the declaration attached to Defendant's Opposition to Plaintiff's Motion. Doc. 66, att. 1, pp. 8-117. The policy is available in its entirety on the Bureau of Prisons' public website, www.bop.gov.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of October, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE