UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT** : | **DOCKET NO. 21-cv-03774** |
| **REG. # 57819-083** | **SECTION P** |
| **VERSUS** : | **JUDGE TERRY A. DOUGHTY** |
| **US BUREAU OF PRISONS, ET AL** : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are cross motions for summary judgment filed on August 12, 2022, by plaintiff, William R. Abbott ("Plaintiff") (doc. 49) and on October 12, 2022, by defendant, the United States of America, (doc. 79). The motions were filed in response to plaintiff's original and amended complaints (docs. 1, 6, 12, 17), filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.

These motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the defendants' Motion for Summary Judgment (doc. 79) be **GRANTED** and the plaintiff's Motion for Summary Judgment (doc. 49) be **DENIED**.

### I.
#### BACKGROUND

Plaintiff is serving a 264-month term for Attempting to Entice Minors to Engage in Sexual Acts and the Transport of Child Pornography in Interstate Commerce. Doc. 66, att. 1, p. 6. He filed the instant suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*, claiming that he suffered harassment by his cellmate, Elliot Duke, whom plaintiff describes as a

transgender inmate. Specifically, he claims Duke harassed him by walking or lounging around in their shared cell without a shirt and he claims Duke's bare chest would be near his face at times. Doc. 17, pp. 5-6.  His claims of tortious conduct by BOP staff center around his allegations that he made numerous verbal complaints and sent email messages on September 4, 2020, October 4, 2020, and on October 22, 2020, concerning his cellmate, but received no response.  *Id*. at p. 8 David Deville, FCC Oakdale Special Investigative Agent (SIA), reviewed past emails of plaintiff and discovered four emails sent by him to a psychology resource email box relevant to inmate Duke and the issue of their shared cell assignment. Doc. 79, att. 3, p. 2 (8/9/2022 Declaration of David Deville).  Of those four emails, three pertained to inmate Duke's bare chest exposure, and one pertained to plaintiff's complaint of inmate Duke's poor cell sanitation. *Id*. at pp. 5-8.  SIA Deville did not find any evidence to indicate anyone replied to those four emails. *Id*.  According to the defendant's Statement of Undisputed Material Facts, "BOP medical and psychology records spanning the time covering plaintiff's cell assignment with inmate Duke do not indicate that plaintiff ever sought or attempted to seek treatment as a result of the allegations of this lawsuit." Doc. 79, att. 2, p. 2 (citing Doc. 80, Sealed Declaration of Barbara Moorehead, Chief Psychologist).[1]

Plaintiff filed an administrative tort claim concerning his allegations described above, seeking $100,000.00 in compensation. It was received as properly filed on December 14, 2020, and was acknowledged and assigned claim number TRT-SCR-2021-02057 by the Bureau of Prisons (BOP) South Central Regional Office (SCRO). *See* Declaration of Zach Burns, BOP Paralegal Specialist, doc. 79, att. 4.  The SCRO informed plaintiff he could expect a response by

---

[1] Attached to the defendant's motion for summary judgment, and filed under seal, are a true and correct copy of plaintiff's psychology and medical records from July 22, 2019 to July 22, 2022, which Chief Psychologist Barbara Moorehead attests do not contain a record that plaintiff raised concerns of injury "psychological or otherwise", stemming from the conduct of his cellmate Elliot Duke."  Doc. 80 (referencing doc. 80, att. 1-5).

June 13, 2021. *Id*. Then, while no response had yet been issued by the agency, plaintiff submitted a supplement to his tort claim and changed the compensation sought to $5,000,000.00, and the agency acknowledged receipt on August 2, 2021. *Id*. Special Investigative Services (SIS) staff at FCC Oakdale investigated of plaintiff's claims for the tort claim and plaintiff was interviewed. *Id*. On May 12, 2022, the agency denied the tort claim, finding there was no evidence that plaintiff was injured by a negligent act of a BOP employee. *Id*.

According to the government, the Psychology Data records spanning from the time covering plaintiff's cell assignment with inmate Duke were reviewed for any indication of injury as a result of the allegations of this lawsuit. *See* Declaration of Barbara Moorehead, Chief Psychologist, doc. 80, *sealed*. The records contain no evidence of any psychology clinical encounter with respect to inmate Duke and no requests or attempts to seek mental health intervention or treatment. *Id*.

The BOP's Program Statement, 5324.12, Sexually Abusive Behavior Prevention and Intervention Program, provides the requirements of the agency in preventing and addressing sexual abuse and sexual harassment. That policy defines sexual harassment, by way of reference to 28 C.F.R. §115.6, and which appears to be the allegation plaintiff asserts in his case, in part as: (1) Repeated and unwelcome sexual advances, requests for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature by one inmate, detainee, or resident directed toward another; …. The policy requires the agency to afford inmates the ability to report sexual harassment. In response to that policy, Oakdale issued Institution Supplement, number 5324.12 and in an institutional Guide for First Responders/Operations Lieutenants from FCC Oakdale, it is noted that staff shall accept reports of sexual abuse or sexual harassment made verbally, in writing, or even anonymously and promptly document receipt of such a report. New

inmates to Oakdale are furnished with this information during the Admission and Orientation process (A&O), and they are given a copy of the Sexually Abusive Behavior Prevention and Intervention Program (SABPIP) booklet at that time. Doc. 79, att. 5.

## II.
## LAW & ANALYSIS

### A. *Legal Standards*

#### 1. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*. Ordinarily, summary judgment may not be granted merely because no opposition has been filed. *See Luera v. Kleberg Cnty., Tex.*, 460 Fed. App'x 447, 449 (5th Cir. 2012) (per curiam).

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.

*Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

### 2. FTCA

It is well established that the United States, as a sovereign, is immune from suit except when it consents to be sued. *United States v. Mitchell*, 103 S.Ct. 2961, 2965 (1983). "Absent a waiver of sovereign immunity, the federal government is immune from suit." *Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (quotation omitted). The Federal Torts Claims Act, 28 U.S.C. § 2671, *et. seq.*, provides a limited waiver of sovereign immunity and allows for recovery from the United States for "personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a); *United States v. Orleans,* 96 S.Ct. 1971, 1975 (1976); *Tindall by Tindall v. United States*, 901 F.2d 53, 54 (5th Cir. 1990). Liability is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Tindall by Tindall v. United States,* 901 F.2d at 54; *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). Therefore, liability in this case brought pursuant to the FTCA, is determined in accordance with Louisiana law.

B. *Application*

1. *Constitutional or Intentional Torts*

Plaintiff's complaint and motion for summary judgment include claims for retaliation, collusion, and violations of the Eighth Amendment. However, claims sounding in either constitutional tort or intentional tort may not be brought under the FTCA. *See FDIC v. Meyer*, 114 S.Ct. 996, 1001 (1994); 28 U.S.C. § 2680(h); *see also, Moore-Bey v. Cartrette*, No. 15-CV-1199, 2015 WL 5608194, at *5–6 (W.D. La. July 16, 2015), *report and recommendation adopted*, No. 15-CV-1199, 2015 WL 5611141 (W.D. La. Sept. 23, 2015). Accordingly, the court finds that no reasonable trier of fact could find for plaintiff with regard to his claims for constitutional tort or intentional tort, viewing the evidence in the light most reasonable to the plaintiff. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). The court therefore finds that summary judgment should be granted with respect to plaintiff's constitutional and intentional tort claims.

2. *Negligence*

Plaintiffs' remaining claims sound in negligence. Plaintiff bases his negligence claims on the alleged failure of BOP staff to respond to his emails and, therefore, their failure to initiate the PREA process for matters he asserts constituted sexual harassment. Defendant responds that plaintiff cannot make a showing as to two essential prongs of any negligence inquiry: breach of duty and injury.

The Bureau of Prisons owes a general duty of care to inmates in its custody. 18 U.S.C. § 4042. This duty is similar to the duty found in Louisiana negligence theory. Louisiana courts apply duty/risk analysis to assess liability under Louisiana Civil Code article 2315. A four-prong test decides liability: 1) was defendant's conduct a substantial factor (cause-in-fact) bringing about the harm; 2) did defendant owe a duty to plaintiff; 3) was the duty breached; and 4) was the risk of

harm within the scope of protection afforded by the duty? *Roberts v. Benoit*, 605 So.2d 1032, 1041-42 (La. 1991); *Mart v. Hill*, 505 So.2d 1120, 1122 (La. 1987). For a plaintiff to recover, all four inquiries must be answered affirmatively. In a civil action for damages in Louisiana, a plaintiff has the burden of establishing by a preponderance of evidence every essential element of the claim. *Buffinett v. Plaquemines Parish Comm'n Council*, 645 So. 2d 631, 638 (La. App. 4th Cir. 1994), writs denied, 651 So.2d 269 (La. 1995). To prove by a preponderance of the evidence means producing clear and convincing evidence, which creates belief in the trier of fact's mind of the allegation's truth. *Jones v. United States*, 239 F.Supp. 474, 480 (E.D. La. 1965), *aff'd*, 358 F.2d 309 (5th Cir. 1966); *Cloney v. Travelers Ins. Co.,* 253 So.2d 83, 94 (La. App. 1st Cir. 1971), *writs denied*, 253 So.2d 212 (La. 1971). A possible connection between injury and accident is insufficient; instead, a probable connection must be proved. *Stevens v. Gulf Am. Fire & Cas. Co.,* 317 So.2d 199 (La. App. 1st Cir. 1975), *writs denied*, 321 So.2d 363 (La. 1975). For negligent conduct to be a cause-in-fact, it must be a substantial factor in bringing about harm. Negligent conduct is not actionable if it does not cause injury. *Broussard v. United States*, 989 F.2d 171 (5th Cir. 1993); *Sibley v. Bd. of Supervisors of Louisiana States University*, 477 So.2d 1094, 1099 (La. 1985).

### a. Duty

The defendant concedes that the BOP requires institutions to meet the statutory obligations of the PREA, which, at its essence, strives to eliminate sexual abuse and harassment in the prison setting and therefore, that FCIO had an obligation to respond to reports of sexual abuse or sexual harassment. Doc. 79, p. 17.

### b. Breach

However, the United States argues that there was no clear breach of that duty in this matter. Although the Government concedes that no one appears to have read the plaintiff's emails to the general psychology box, the Government contends that plaintiff's emails do not necessarily amount to a report of sexual abuse or sexual harassment. Rather, it is the government's belief that the content of his emails struck a tone of complaints of cellmate preference and, therefore, even if staff had opened the email messages, they did not clearly convey a reporting of sexual harassment. The government contends that plaintiff was stating his preference not to be assigned to the same cell as inmate Duke and conduct he complains of is, arguably, merely incidental to prison life and sharing a cell room with another individual. Normally daily life activities, such as changing clothing, routinely occur in a prison cell. Further, his emails include complaints about the sanitation of his cellmate, bearing no semblance of a report of a PREA violation. For these reasons, the government argues that even if staff had received and opened those emails, it is not evident that his communications would amount to a report of sexual abuse or harassment and would not trigger the need to invoke the PREA process; therefore, there is no breach of a duty owed.

It is not necessary for the Court to decide whether there remains a genuine issue of material fact as to the question of the breach as the claim fails on the injury prong, as discussed below.

### c. Injury

Regardless of whether there was a breach of duty owed to plaintiff, the record before the Court fails to support the claim that he has suffered an injury from the alleged negligence.

The Fifth Circuit has concluded that, as a matter of law, a prisoner plaintiff was not entitled to money damages for physical injury where he had failed to allege such injury, and that, because of the failure to allege a physical injury, recovery of money damages for mental and emotional

distress was precluded by 42 U.S.C. § 1997e(e). *See Herman v. Holiday*, 238 F.3d 660, 665, 666 (5th Cir. 2001). Section 1997e(e) provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although *Herman* was a civil rights case, courts in this circuit have found that § 1997e(e) likewise applies in FTCA actions and "prohibits an inmate from filing suit against the United States for mental or emotional injury absent a prior showing of physical injury." *Barela v. Underwood*, No. 3:18-CV-2353-G-BH, 2020 U.S. Dist. LEXIS 141321 (N.D. Tex. July 9, 2020); *Weathington v. Bureau of Prisons*, No. 09-CV-0705, 2010 U.S. Dist. LEXIS 12216, 2010 WL 545294, at *1 (W.D. La. Feb. 11, 2010); *see also Wooderts v. United States*, No. 4:10-CV-423-Y, 2011 U.S. Dist. LEXIS 109269, 2011 WL 4448745, at *2 (N.D. Tex. Sept. 26, 2011) ("The Fifth Circuit [has] held that an inmate's FTCA monetary damages claims, lacking allegation of a physical injury, [are] barred by § 1997e(e).") (*citing Stephens v. Yusuff,* 95 F. App'x 78 (5th Cir. 2004) (affirming dismissal of FTCA and *Bivens* claims for mental suffering for failure to state a claim where recovery of damages was barred by § 1997e(e) because the plaintiff failed to allege a physical injury)); *Mitchell v. United States*, No. Civ. A. C-05-361, 2005 U.S. Dist. LEXIS 38725, 2005 WL 3445607, at *3-4 (S.D. Tex. Dec. 15, 2005) (finding that because the plaintiff could not establish a prior physical injury, he was barred by § 1997e(e) from seeking damages for emotional or mental distress under the FTCA)).

Here, plaintiff asserts injuries of a psychological nature. His psychology records at FCIO show no indication of an injury, nor do his interactions with psychology staff show any instance where he even raised this concern, much less sought care for injury resulting from the conduct he

alleges.[2] Likewise, his medical records do not reflect any request for care related to the allegations of this case.[3]

Considering the foregoing legal requirements that plaintiff demonstrate physical injury, we find that the defendant has borne its burden of demonstrating the absence of evidence on a key element of plaintiff's negligence claim: injury. Because plaintiff will bear the burden of proof on this issue at trial, the burden shifts to plaintiff to demonstrate by competent summary judgment evidence that there is an issue of material fact warranting trial. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

Plaintiff bolsters his claim for injury through statements from Bishop Larry McMasters of Norfolk, Virginia, who received licensure form the Church of God headquartered in Cleveland, Tennessee (doc. 104, att. 1, p. 84), and two "witnesses" (fellow inmates) of the conditions he has experienced at FCIO, who represent, generally, that plaintiff's emotional state and positive attitude has deteriorated due to issues and inequities that he has experienced (id. at pp. 87-92). Pretermitting discussion of whether these witnesses are competent to render an opinion as to any causal connection between plaintiff's emotional state and the particular prison experiences about which plaintiff complains, this evidence does not demonstrate the requisite physical injury and cannot overcome the declaration of Chief Psychologist Barbara Moorehead, who attests that

---

[2] Attached to the defendant's motion for summary judgment, and filed under seal, is a true and correct copy of plaintiff's psychology and medical records from July 22, 2019 to July 22, 2022, which Chief Psychologist Barbara Moorehead attests do not contain a record that plaintiff raised concerns of injury "psychological or otherwise," stemming from the conduct of his cellmate Elliot Duke." Doc. 80 (referencing doc. 80, att. 1-5).
[3] *Id.*

-10-

plaintiff's medical records do not contain a record that plaintiff raised concerns of injury "psychological or otherwise," during the relevant time period.[4]

Plaintiff's allegations are not sufficient to raise a genuine issue of material fact on the injury element of the negligence inquiry. Because he has failed to point to any evidence to establish that he suffered an injury, it stands to reason that he cannot point to alleged conduct of government actors as the cause of an injury. Therefore, he has failed to establish that relief is available and, as such, defendants are entitled to summary judgment in their favor.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the defendants' Motion for Summary Judgment (doc. 79) be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the plaintiff's Motion for Summary Judgment (doc. 49) and Renewed Motion for Summary Judgment (doc. 103) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that ALL pending motions (docs. 91, 111, 115, 119, 124, 126, 127, 128) be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

---

[4] *Id.*

grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of February, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE